UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  SHAWN C. PRESTON<br>DANA A. PRESTON<br>  Debtors | BANKRUPTCY CASE<br>NO.: 18-10349 |
| Branch Banking & Trust Company<br>  Movant<br>v.<br>Shawn C. Preston<br>Dana A. Preston<br>  Respondents | CHAPTER 13 |

## MOTION OF BRANCH BANKING & TRUST COMPANY FOR RELIEF FROM THE AUTOMATIC STAY

Branch Banking and Trust Company ("Movant"), by its attorneys, hereby moves for relief from the automatic stay, and in support thereof states as follows:

1. This court has jurisdiction over this contested matter pursuant to the provisions of 28 U.S.C. Section 1334 and 157(b)(2)(G).

2. Movant files this motion of pursuant to 11 U.S.C. Section 362(d)(1) and (d)(2) and Bankruptcy Rules 9013 et seq.

3. On April 17, 2018, Debtors filed an asset petition under Chapter 13 of the United States Bankruptcy Code.

4. On or about May 9, 2015, Debtors executed a Retail Installment Sale Contract in favor of Brown's Leesburg Hyundai, LLC (the "Contract") in the principal amount of $31,044.87, so that Debtors could purchase a 2015 Hyundai Elantra, VIN KMHD35LH5FU250273 (the "Vehicle").

5. The Contract was assigned from Brown's Leesburg Hyundai, LLC to Movant.

6. The contract is secured by Movant's first lien on the Vehicle.

7. Due to the Debtors not making the monthly payments due from December 8, 2017 through April 8, 2018 (a partial payment was made for December 8, 2017), the Vehicle was repossessed by Movant on March 14, 2018, prior to the Debtors filing bankruptcy.

8. Movant is not included in the Chapter 13 Plan. A payment will be due under the Contract on May 8, 2018 in the amount of $488.99. There has been a total of $681.00 incurred in attorney's fees and costs in relation to the filing of this Motion.

9. Under Section 362(d)(1) of the Bankruptcy Code, the court has the authority to terminate or modify the automatic stay "for cause, including lack of adequate protection of an interest in property of such party in interest."

10. Given the fact that the Vehicle was repossessed prior to the bankruptcy filing and the fact that Debtors have not included Movant in the Chapter 13 Plan, cause exists to lift the automatic stay under Section 362(d)(1) of the Bankruptcy Code so that Movant may sell the Vehicle.

WHEREFORE, Movant prays that this court terminate the automatic stay of Section 362 as to the Vehicle so that it may be sold by Movant and grant Movant such other and further relief as this case may require.

**Weber Gallagher Simpson Stapleton Fires & Newby, LLP**

/s/ Peter E. Meltzer
Peter E. Meltzer, Esquire
Attorney ID No. 39828

Dated: May 7, 2018

2000 Market Street, 13th Floor
Philadelphia, PA 19103
267-295-3363
pmeltzer@wglaw.com
Attorneys for Movant